**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Real Ogoumi, | ) | Civil Action No. 6:11-00390-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Magna Drive Automotive, a/k/a | ) | **OPINION AND ORDER** |
| Drive Automotive Industries of | ) | |
| America, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Real Ogoumi[1] ("Plaintiff") filed this action against Magna Drive Automotive, a/k/a Drive Automotive Industries of America, Inc. ("Defendant"), alleging that Defendant wrongfully discharged him from employment in retaliation for instituting a workers' compensation claim. (ECF No. 1-1.) This matter is before the court on Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which motion was filed on August 29, 2011. (ECF No. 18.) Plaintiff opposes Defendant's motion and asks the court to allow his claim to proceed to trial. For the reasons set forth below, the court **GRANTS** Defendant's motion for summary judgment.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts as viewed in the light most favorable to Plaintiff are as follows. On October 4, 2006, Defendant hired Plaintiff as a production associate and assigned him to racker duty, which job required Plaintiff to remove automotive parts from a conveyor belt and place the parts on a special rack. (ECF No. 19, pp. 2-5.) Plaintiff eventually moved to a position that "set dies." (ECF No. 19, pp. 7-8.) On January 26, 2007, Plaintiff received a verbal warning for setting a

---

[1]  Defendant states that Plaintiff's name is actually Ogoumi Real. (ECF No. 18-1, p.1.)

wrong die, which allegedly caused Defendant's production line to shutdown. (ECF No. 19-1, p.7.) After setting dies for a few months, Plaintiff was placed back into the racking job. (ECF No. 19, p. 9.) On April 23, 2007, Plaintiff received a written warning for racking defective parts, allegedly resulting in lost production time. (ECF No. 19, pp. 19-20; ECF No. 19-1, pp. 9-10.)

On May 12, 2007, Plaintiff sustained an injury while on the job. (ECF No. 19, p. 10; ECF No. 19-1, pp. 1-4.) On May 21, 2007, Plaintiff was suspended three days for poor job performance inspecting parts that he was racking. (ECF No. 19-1, pp. 11-12; ECF No. 19, pp. 24-27.) On July 20, 2007, Plaintiff filed his workers' compensation claim. (ECF No. 19-1, p. 5.) On July 25, 2007, Plaintiff received a final warning for missing scheduled physical therapy appointments for his work-related injury. (ECF No. 19-1, p. 13; ECF No. 19, pp. 33-34.)

On March 6, 2008, Plaintiff received a follow-up addendum to the May 21, 2007 suspension because he had been late to work after the suspension on two separate occasions - on October 16, 2007 and November 7, 2007. (ECF No. 19, pp. 39-42; ECF No. 19-1, p. 17.) On March 26, 2008, Plaintiff was counseled regarding his failure to discover quality defects in products he was racking. (ECF No. 19-1, p. 18.) On April 23, 2008, Plaintiff received notice of his continued poor work performance. (ECF No. 19, pp. 50-51; ECF No. 19-1, pp. 19-21.) Finally, on July 17, 2008, Defendant terminated Plaintiff's employment. (ECF No. 19-1, pp. 23-25.)

After his termination, Plaintiff filed a summons and complaint against Defendant alleging workers' compensation retaliation in the Court of Common Pleas of Greenville County, South Carolina on June 30, 2009. (ECF No. 1-2, pp. 52-53.) Plaintiff amended his complaint in the Greenville County Court of Common Pleas on January 18, 2011. (See ECF No. 1-1.) On February 17, 2011, Defendant removed the case to the United States District Court for the

District of South Carolina and filed its answer.  (See ECF Nos. 1 & 4.)  After the completion of discovery, Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56 on August 29, 2011.  (ECF No. 18.)  Plaintiff filed opposition to Defendant's motion for  summary judgment on September 15, 2011, to which Defendant filed a reply in support of summary judgment on September 26, 2011.  (ECF Nos. 23 & 24.)

## II.    LEGAL STANDARD AND ANALYSIS

**A.    Standard**

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."  Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).  The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial.  Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).  All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  Anderson, 477 U.S. at 249.  "Mere unsupported

3

speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. The Community College of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

South Carolina law prohibits employers from discharging or demoting an employee because of his or her participation in any proceeding under the workers' compensation laws. S.C. Code Ann. § 41-1-80. S.C. Code Ann. § 41–1–80 provides in relevant part that "[n]o employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law . . . ." S.C. Code Ann. § 41–1–80. To establish that a termination from employment was in retaliation for filing a workers' compensation claim, the plaintiff bears the burden of proving: "(1) institution of workers' compensation proceedings; (2) discharge or demotion; [and] (3) a causal connection between the first two elements."[2] Hinton v. Designer Ensembles, Inc., 540 S.E.2d 94, 97 (S.C. 2000).

To satisfy the causation element, the plaintiff must prove that the filing of a workers' compensation claim was the "determinative factor" in his termination. Id. In other words, the plaintiff must show that "he would not have been discharged 'but for' the filing of the claim." Wallace v. Milliken & Co., 406 S.E.2d 358, 360 (S.C. 1991). If the employer articulates a legitimate, non-retaliatory reason for the termination or demotion, the proximity in time between the injury and the termination or demotion is not sufficient evidence to carry the employee's

---

2  The court notes that Defendant attempts to add a fourth element requiring Plaintiff to show that he was "performing his job satisfactorily." (See ECF No. 18-1, p. 10.) The court does not find support for inclusion of this fourth element in the case law.

4

burden of proving a causal connection.  See Johnson v. J.P. Stevens & Co., Inc., 417 S.E.2d 527, 529 (S.C. 1992) ("In light of the conceded legitimate, non-retaliatory motives for the termination, [the] proximity in time does not meet the employee's burden of proof."); Marr v. City of Columbia, 416 S.E.2d 615, 617 (S.C. 1992) (rejecting retaliatory discharge claim where only evidence suggesting retaliatory motive for discharge was temporal proximity of claim to discharge).

**B.    Plaintiff's Claim for Workers' Compensation Retaliation**

Defendant tacitly concedes that Plaintiff can satisfy the first two elements of a workers' compensation retaliation claim.  As for the causal connection, Defendant asserts that Plaintiff's termination "was the culmination of a litany of corrective actions towards him" which establish that he was not meeting Defendant's legitimate expectations for the performance of his job duties.  (See ECF No. 19-1, pp. 7, 9-13, 17-25.)  In this regard, Defendant argues that Plaintiff cannot rebut its legitimate, non-retaliatory reasons for his termination simply by denying that the poor work performance occurred.  (ECF No. 18-1, p. 15.)  Defendant further contends that Plaintiff cannot create an issue of material fact regarding whether his workers' compensation claim was the but-for cause of his termination because he failed to conduct discovery of the relevant decision-makers, and relies entirely on his own speculation and conjecture.  (ECF No. 18-1, pp. 10-11, 15-16.)  In response to this specific assertion by Defendant, Plaintiff admits total and complete reliance on his own allegations.  (See ECF No. 23, pp. 14, 17 (stating that "'but for' causation is clear based upon the obvious circumstances and: (1) that [Defendant] had a retaliatory animus towards him; (2) regardless that he did not deem it necessary to conduct any discovery from [Defendant] other than participating in [Defendant's] deposition of him; and (3) despite he did not deem it necessary to depose any of [Defendant's] employees being that the

5

obvious workplace injury and workers' compensation claim retaliation is so clear.").)

In the context of summary judgment, Plaintiff cannot rely entirely on unsupported, subjective beliefs in the attempt to demonstrate there is a genuine issue for trial. See Ennis, 53 F.3d at 62; Latif, 2009 WL 4643890, at *2. Accordingly, Plaintiff's allegations alone do not provide sufficient evidence of a causal connection between his workers' compensation claim and the termination of his employment with Defendant. Therefore, Plaintiff's claim for workers' compensation retaliation fails as a matter of law.

### III. CONCLUSION

Upon careful consideration of the entire record, the court hereby **GRANTS** the motion for summary judgment of Defendant Magna Drive Automotive, a/k/a Drive Automotive Industries of America, Inc. regarding Plaintiff's claim for workers' compensation retaliation. (ECF No. 18.)

**IT IS SO ORDERED**.

*J. Michelle Childs*

UNITED STATES DISTRICT JUDGE

March 6, 2012
Greenville, South Carolina

6